*Guo v. Holder*

BIA
Bain, IJ
A087 633 146

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand fourteen.

PRESENT:    JOSÉ A. CABRANES,
                RICHARD C. WESLEY,
                CHRISTOPHER F. DRONEY,
                        *Circuit Judges.*

---

XIAO PING GUO,

      *Petitioner*,

          v.                              No. 13-1991
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

      *Respondent.*

---

**FOR PETITIONER:**          Hui Chen, Flushing, NY.

**FOR RESPONDENT:**         Stuart F. Delery, Assistant Attorney General; Edward J. Duffy, Senior Litigation Counsel; John M. McAdams, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Xiao Ping Guo, a native and citizen of China, seeks review of an April 17, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") November 29, 2010, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Ping Guo*, No. A087 633 146 (B.I.A. Apr. 17, 2013), *aff'g* No. A087 633 146 (Immig. Ct. N.Y. City Nov. 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision minus the portions of the ruling not affirmed by the BIA. *Xue Hong Yang v. U.S. DOJ*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513–14 (2d Cir. 2009).

For asylum applications, like Guo's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in the applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163 n.2 (2d Cir. 2008) (per curiam). Furthermore, for purposes of a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent." *Xiu Xia Lin*, 534 F.3d at 166. We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact finder could make" such a ruling. *Id.* at 167.

The IJ reasonably based her adverse credibility determination on inconsistencies in Guo's evidence and the lack of plausible explanation for those inconsistencies. Guo claimed that (1) she had a second intrauterine device ("IUD") forcibly placed, which she then had removed prior to her departure from China to the United States, and (2) she told the asylum officer about adverse health effects she suffered from IUDs and about the placement of the second IUD. The IJ found, however, that the asylum officer's assessment did not reflect this information, and neither Guo's asylum application nor a letter from Guo's husband indicated that the second IUD had been removed. The agency rejected Guo's explanation that the removal of the second IUD was "a matter of privacy," finding that removal of the IUD went "to the heart of a marital relationship," and Guo's husband had "intimate knowledge regarding the first IUD" and "apparent knowledge that a second IUD had been placed."

The IJ also found Guo's testimony regarding her opportunity to leave China inconsistent. Guo initially testified that she had no opportunity to leave China until 2008. When confronted with tourist visas on her passport from 2005, however, Guo admitted that she had travelled to Malaysia, Singapore, and Thailand in 2005. As a result, the IJ found that Guo's testimony was "not plausible" because "[h]er testimony that she did leave China in 2005 and returned undercuts her initial claim that she was unable to find a smuggler to help her leave that country until 2008." Accordingly, substantial evidence supports the IJ's adverse credibility determination, and a reasonable fact finder could have found Guo not credible in view of the totality of the circumstances. *See Xiu Xia Lin*, 534 F.3d at 163 & n.2, 166.

We have considered all of petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED**. As we have completed our

review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk